UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tara Ogozaly,<br><br>    Plaintiff,<br>v.<br><br>Central Research Inc., and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Tara Ogozaly, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Electronic Fund Transfer Act 15 U.S.C. § 1693, *et seq*. ("EFTA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tara Ogozaly ("Plaintiff"), is an adult individual residing in Pleasant Mount, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendants Central Research Inc. ("CRI"), is an Arkansas business entity with an address of 122 N. Bloomington Street, Suite I, Lowell, Arkansas 72745, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CRI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CRI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CRI for collection, or CRI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CRI Engages in Harassment and Abusive Tactics

12. In January 2019, Plaintiff entered into rehabilitation program with CRI and provided CRI with her bank account information for nine automated consecutive withdrawals.

13. After completion of the rehabilitation program, in January 2020, Plaintiff called CRI to check on the status of her account.

14. CRI advised Plaintiff that it never received the signed rehabilitation documents from Plaintiff and therefore Plaintiff's payments were not counted towards the program. As such, Plaintiff had to re-enroll into the rehabilitation program or be subject to wage garnishment.

15. If CRI in fact did not receive the signed rehabilitation documents from Plaintiff, CRI did not have written authorization to perform monthly withdrawals.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

27. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

28. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, O. .S.C. § 1693 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

32. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

33. Defendants debited Plaintiff's bank account on a periodic monthly basis using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

34. Defendants violated 15 U.S.C. § 1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing Plaintiff any benefit.

35. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed a preauthorized electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

37. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT IV

## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *et seq.*

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

40. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

41. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

9. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A);

10. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

11. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

12. Punitive damages; and

13. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 7, 2020

Respectfully submitted,

By /s/  Sergei Lemberg

Sergei Lemberg, Esq.
Bar #317359
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff